# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RANDALL A. HAMMACK, #13670-045,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 19-cv-00230-JPG** |
| | ) | |
| **DR. KRUSE,** | ) | |
| **DR. AHMED,** | ) | |
| **MRS. SCHNEIDER,** | ) | |
| **POLLMAN,** | ) | |
| **JOHN DOE 1,** *Medical Staff Member,* | ) | |
| **JOHN DOE 2,** *Medical Staff Member,* | ) | |
| **and JOHN DOE 3,** *Unknown Staff Members*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Randall A. Hammack, an inmate in the Federal Bureau of Prisons ("BOP") currently incarcerated at Greenville Federal Correctional Institution ("Greeneville FCI"), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He asserts violations of his rights under the Fifth and Eighth Amendments and seeks declaratory judgment and monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Complaint**

Plaintiff makes the following allegations in his Complaint: Shortly after his incarceration at Greenville FCI on July 15, 2013, he complained to medical staff of pain and burning in his left armpit, forearm, and hand. (Doc. 1, pp. 8, 17). Dr. Kruse or Mrs. Schneider ordered an ultrasound of Plaintiff's left forearm, which was performed on August 20, 2013, and a mass was discovered. *Id.* A couple of weeks later, Schneider told him the pain was a psychosomatic illness and prescribed psychiatric medication. (Doc. 1, p. 17). Subsequently, Plaintiff complained to Dr. Cruz about his pain and was told the issue had been addressed by Schneider. *Id.*

On December 17, 2013, Plaintiff saw Schneider on a sick call and she told him the pain and burning was "because of his mental state." (Doc. 1, p. 8). On January 2, 2014, on another sick call, Schneider ignored his complaints of pain and burning and noted in the medical record that only his mental health was discussed. *Id.* She falsified the medical record to state he had no pain at that time. *Id.* Any time he brought up the issue of the pain with Schneider, she told him it was stress and there was nothing wrong with his arm or hand. (Doc. 1, p. 17).

From December 2013 until March 20, 2018, Plaintiff's repeated complaints of pain and burning in his left arm and hand were ignored by all medical staff and they refused to provide treatment. (Doc. 1, pp. 8-9). Medical staff refused to acknowledge and document his complaints of pain and burning in his arm and hand. *Id.* Following the December 17 visit, every time he complained of pain, it was documented as anxiety, stress, or something other than pain. (Doc. 1, pp. 8-9). The fingers on his left hand began to curl toward the palm, which was also ignored by medical staff. (Doc. 1, pp. 8-9, 13, 17). Numerous requests for sick call were unanswered and erased by either Mills or Schneider. (Doc. 1, p. 9).

On March 20, 2018, Plaintiff was seen by Elizabeth Mills and complained of pain in his

hand and the inability to straighten his left pinky and ring fingers. *Id*. At that time, he had four or five knots in his hand. (Doc. 1, p. 17). She referred him for an emergency appointment with Schneider. (Doc. 1, pp. 9, 17). Plaintiff saw Schneider the next day and she prescribed a five-day steroid pack and told him to stretch his fingers. (Doc. 1, p. 17). She told him she would see him again, but he did not see her again until the end of 2018. *Id.*

Two weeks after starting the steroid pack, he saw Dr. Ahmed for chronic care related to high blood pressure and cholesterol. (Doc. 1, p. 18). Ahmed did not know he was having a problem with his hand and was surprised Schneider had not told him. *Id*. Ahmed sent him for blood work and x-rays. *Id.*

After filing a grievance for medical neglect, he was summoned to the medical facility by Mrs. Pollman. *Id.* She told him he needed to take pain medication. *Id.* He declined because he is a recovering drug addict. *Id.* She took him to the psychology department, where it was determined he should try a non-addictive pain medication. *Id.* He saw Ahmed the next day and was prescribed a seven-day steroid pack and a pain medication. *Id.* The medication was actually for psychological disorders and he refused to take it. *Id.*

On May 14, 2018, Plaintiff was sent to a hand specialist for an evaluation. (Doc. 1, p. 10). He was given an elbow splint and a nerve conduction study was ordered. *Id.* On July 25, 2018, the nerve conduction study was performed by Dr. Nemani, the test results were within normal limits and negative/inconclusive. *Id.* Upon return to Greenville FCI that day, Plaintiff saw Betty Ulner and the medical record reflects he had no pain, which was false. (Doc. 1, p. 11).

Plaintiff sought help for the worsening pain on August 6, August 14, and September 25, 2018 but was ignored by medical staff. (Doc. 1, p. 11). Plaintiff was eventually diagnosed with

Dupuytren's contracture.[1]  *Id.*  On December 7, 2018, the hand specialist told him his condition

was getting worse and he needed an operation if he wanted to be able to open his hand.  (Doc. 1,

p. 18).  He saw Ahmed on January 7, 2019 and told him that he had a recent incident where he

caught a door that was flying open with his hand and it caused the pain to return tenfold.  (Doc. 1,

pp. 18-19).  Ahmed documented in the medical record that a door banged into Plaintiff's hand

ripping his forearm.  *Id.*  Plaintiff reported this inaccuracy to the Assistant Wardens, who told him

they would take care of it.  *Id.*  He saw Nurse Kelly the next day and explained what happened to

her.  *Id.*  She told him she didn't understand how the doctor had come to that conclusion and would

look into it.  *Id.*  She discovered that someone had been cancelling his medical appointments and

documenting his chronic care visits for his high blood presume and cholesterol as official

appointments for his hand and arm.  *Id.*

> Based on the allegations in the Complaint, the Court designates the following two counts:

> Count 1: Eighth Amendment claim against Defendants Kruse, Ahmed, Schneider, Pollman, and (medical staff members) John Does 1-3 for exhibiting deliberate indifference to Plaintiff's pain and burning in his left arm and hand and the deformity of the fingers on his left hand.

> Count 2: Fifth Amendment due process claim against Defendants for their arbitrary actions in ignoring his repeated requests for medical treatment which imposed an atypical and significant hardship on him.

The parties and the Court will use these designations in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court.  The designations do not constitute an opinion

regarding their merit.  Any other claim that is mentioned in the Complaint but not addressed in

---

[1] Dupuytren's contracture affects the tissue beneath the skin of the palm.  The condition can cause one or more fingers to curl and mainly affects the two fingers farthest from the thumb.  *See* https://www.mayoclinic.org/diseases-conditions/dupuytrens-contracture/symptoms-causes/syc-20371943.

this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## **Preliminary Dismissals**

Plaintiff makes allegations against Cruz, Mills, and Ulner, but these individuals are not identified as defendants in the case caption or list of defendants. Accordingly, any claims Plaintiff intended to bring against Cruz, Mills, and Ulner are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

Additionally, Plaintiff sues defendants in their individual and official capacities but seeks only monetary damages. When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity. *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Thus, to the extent that Plaintiff has attempted to bring claims against defendants in their official capacities, those claims are dismissed.

## **Discussion**

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that significantly affects an individual's daily activities or involves chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). For

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

purposes of this Order, the Court presumes the pain and burning in Plaintiff's left arm and hand and the deformity of the fingers on his hand constitutes a serious medical condition.

**Count 1**

In Count 1, Plaintiff asserts a deliberate indifference claim against Defendants under the Eighth Amendment. Plaintiff alleges that, from 2013 to 2018, the medical staff ignored, refused to document, and refused to treat pain, burning, and deformity in his left arm and hand. He alleges the pain was chronic and worsening. During that time, he saw Kruse, Ahmed, Schneider, Pollman, and other members of the medical staff. The allegations against Schneider are sufficient to proceed.

The claim fails, however, as to Kruse, Ahmed, and Pollman. Plaintiff alleges Kruse or Schneider ordered an ultrasound of his arm but does not mention any contact with Kruse thereafter. This does not suggest deliberate indifference. When he saw Ahmed, he was treated with a steroid pack. He refused to take other medication prescribed by Ahmed and refused pain medication offered by Pollman. Disagreement with a health care provider's chosen course of medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini,* 352 F.3d 328, 331(7th Cir. 2003); *Garvin v. Armstrong,* 236 F.3d 896,898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques). The only other allegation against Ahmed relates to a discrepancy or inaccuracy stemming from a visit in January 2019. This does not amount to deliberate indifference. Further, by that time, Plaintiff was seeing a hand specialist for diagnosis and treatment of his arm and hand pain and deformity.

Additionally, the claim fails as to the John Doe Defendants. Plaintiff has attempted to state claims against unknown parties or groups of parties by referencing actions and/or inactions by

6

"medical staff" throughout his Complaint. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He does not describe the unknown defendants or identify the dates and times that he encountered the unknown defendants. His claim against medical staff is too vague to survive threshold review.

**Count 2**

In Count 2, Plaintiff alleges a Fifth Amendment due process claim against Defendants. He cannot bring this type of claim against federal officials pursuant to *Bivens* in light of the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017). The Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. *Ziglar*, 137 S.Ct. at 1859-60. *Ziglar* only cited three instances where a *Bivens* remedy should be recognized: 1) to compensate persons injured by federal officers who violate the Fourth Amendment's prohibition against unreasonable search and seizures; 2) in cases of gender discrimination under the Fifth Amendment Due Process Clause; and 3) to provide a damage remedy for failure to provide adequate medical treatment to prisoners under the Eighth Amendment. *Ziglar*, 137 S.Ct. at 1854-55. Plaintiff's Fifth Amendment claim does not fit under any of those three scenarios. Plaintiff's remedy is the Eighth Amendment claim raised in Count 1 that is recognized by *Bivens* and *Ziglar*. Accordingly, Count 2 will be dismissed with prejudice.

**Pending Motions**

*Motion for Appointment of Counsel*

Plaintiff filed a motion requesting appointment of counsel (Doc. 3), which is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases, but

the district court has discretion under Section 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When deciding whether to do so, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007).

Plaintiff did not provide any information for the Court to determine if he has made a reasonable effort to obtain counsel on his own. He states that his imprisonment will limit his ability to litigate the case, that this is his first time as a party in a civil case, and that the issues are complex. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to litigate this matter without representation at this time. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). The Court will remain open to appoint counsel as the case progresses. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has made reasonable efforts to find a lawyer on his own.

### *Motion to Amend by Interlineation*

Plaintiff filed a request to amend his Complaint by interlineation (Doc. 12) to correct a typo in the prayer for relief. He states the date "3/20/2013" should read "8/20/2013." (Doc. 1, p. 7). The motion is **GRANTED**.

*Motion to Supplement*

Plaintiff filed a motion to supplement the record (Doc. 13), which is **DENIED**. The supplement relates to matters subsequent to the filing of the Complaint. Additionally, Plaintiff appears to argue the BOP should provide a hand surgery that has been denied. Although leave to amend a complaint is usually granted freely at the early pleading stage, the Court does not accept piecemeal amendments to a complaint. If Plaintiff seeks to amend his Compliant to add claims and new parties, he must file an amended complaint. An amended complaint supersedes and replaces the original complaint, rendering it void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). An amended complaint must stand on its own without reference to any other pleading and is subject to review pursuant to Section 1915A. Finally, the Court notes that Plaintiff's Complaint does not state a request for injunctive relief. If he is seeking injunctive relief, the request must be included in an Amended Complaint.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice, the Motion to Amend by Interlineation (Doc. 12) is **GRANTED**, and the Supplemental Evidence Motion to the Record (Doc. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that **Count 1** will proceed against **Mrs. Schneider**. **Count 2** is **DISMISSED** without prejudice and **Dr. Kruse, Dr. Ahmed, Pollman, John Doe 1, John Doe 2, John Doe 3, Dr. Cruz, Mills, and Betty Ulner** are dismissed without prejudice.

The Clerk of Court shall prepare for Defendant **Schneider**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to defendant's place of employment as identified by Plaintiff. If defendant fails to sign

and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that this entire matter shall be REFERRED to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

**IT IS SO ORDERED.**

**DATED: April 29, 2019**

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ <u>**s/J. Phil Gilbert**</u>
$\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **United States District Judge**


<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the defendant of your lawsuit and serve her with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**