IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL A. HAMMACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00230-JPG |
| | ) |
| KIMBERLY M. SCHNEIDER, | ) |
| FAISAL AHMED, and | ) |
| PAUL HARVEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on Defendant Dr. Paul Harvey's Motion for Summary Judgment Based on Threshold Defenses of Public Health Service Immunity and, Alternatively, Statute of Limitations (Doc. 79). For the reasons set forth herein, the motion shall be **GRANTED**, and Dr. Harvey shall be **DISMISSED with prejudice**.

### Background

Plaintiff Randall Hammack suffers from Dupuytren's Contracture, a degenerative condition involving the tendon that controls his left forearm, palm, and hand. He was diagnosed with this condition in 2018, while he was incarcerated at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville). Clinical Director Ahmed (Dr. Ahmed) and Physician's Assistant Schneider (P.A. Schneider) allegedly denied a recommendation for hand surgery made by Dr. Lisa Sasso, an outside specialist, ten months before his release from custody. Hammack maintains that the defendants continued their conservative course of treatment even as he lost the use of his hand.

On February 21, 2019, Hammack filed suit for violations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). Following screening under 28 U.S.C. § 1915A, the Court allowed him to proceed with a single claim against P.A. Schneider for exhibiting deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. 14, pp. 6-7). The Court found that the complaint stated no other claim for relief and dismissed all other defendants from this action. (*Id*. at 6-7, 9). Hammack was later granted leave to file an amended complaint and reinstate this claim against Dr. Ahmed. (Doc. 47).

Defendants filed a joint motion for summary judgment on July 12, 2021, arguing that a third party, *i.e.*, Regional Medical Director Dr. Harvey, stood between Hammack and his hand surgery. (Doc. 59). According to the defendants, Dr. Harvey made the decision to disapprove surgery, not them. Dr. Ahmed and P.A. Schneider treated Hammack's unrelated pain with a variety of non-habit-forming pain relievers at Hammack's request. Because they did not actually deny his request for surgery or disregard his request for pain relief, Dr. Ahmed and P.A. Schneider sought summary judgment. (*Id*.). The Court denied their motion, after finding that genuine issues of material fact precluded summary judgment for the defendants, and the Court allowed Hammack to amend the complaint a second time to add an Eighth Amendment claim against Dr. Harvey. (Docs. 62 and 64).

## Motion for Summary Judgment

Along with his answer, Dr. Harvey filed a motion for summary judgment based on his affirmative defenses for public health service immunity and, alternatively, the applicable statute of limitations. (Doc. 79).[1] He seeks dismissal of the pending claim and suit against him.

---

[1] He also raised these affirmative defenses in his answer. (Doc. 78, ¶¶ 1, 4).

Hammack first argues that he is absolutely immune from suit, in his individual capacity, based on his employment as a commissioned officer in the United States Public Health Service (PHS). (Doc. 79; Doc. 59-3, ¶ 2). For two decades, he was detailed to various positions in the Federal Bureau of Prisons (FBOP). (*Id.*). From May 2009 to July 2019, Dr. Harvey was assigned to the FBOP's North Central Regional Office, where he served as the Regional Medical Director. (Doc. 59-3, ¶ 4). As part of his duties, Dr. Harvey approved or disapproved requests for elective procedures submitted by health care providers in the region that encompasses FCI-Greenville. (*Id.*). While acting in this capacity, Dr. Harvey disapproved the recommendation for Hammack's surgery, and this decision was allegedly communicated to the plaintiff in March 2019. (Doc. 70, ¶ 48; Doc. 59-3, ¶ 17). Dr. Harvey's detail with the FBOP ended four months later on July 14, 2019. (Doc. 79-1, ¶¶ 3-6). Because he was an active duty commissioned officer in the PHS when he disapproved Hammack's surgery, Dr. Harvey asserts that he is entitled to absolutely immunity from suit in his individual capacity under 42 U.S.C. § 233. He alternatively asserts that the claim against him is time-barred under the applicable statute of limitations. (Doc. 79, p. 3).

### **Plaintiff's Response**

Hammack filed a response, by and through court-recruited counsel, Attorney John Carey. (Doc. 85). Hammack concedes that the facts and law support Dr. Harvey's position that he is absolutely immune from suit in his individual capacity pursuant to 42 U.S.C. § 233. (*Id.*). Hammack agrees that Dr. Harvey is entitled to summary judgment and dismissal from this action with prejudice. (*Id.*).

**Legal Standard**

Summary judgment is appropriate only if the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the burden of establishing that no material facts are genuinely disputed. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Id*.

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir 1994). Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The Court must then "view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" then a genuine dispute of material fact exists. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

**Analysis**

According to 42 U.S.C. § 233, the Federal Tort Claims Act (FTCA) provides the exclusive remedy for a claim against a member of the PHS for an injury caused by the individual while performing medical or related functions within the scope of his or her employment. The statute states, in pertinent part:

> The remedy against the United States provided by [the Federal Tort Claims Act] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).  *Bivens* offers no avenue to relief for such claims.  *Id*.  PHS members are absolutely immune from civil suits for injuries resulting from medical care they provided while acting within the scope of their employment.  *Hui v. Castaneda*, 559 U.S. 799, 809 (2010). According to the Supreme Court, "[Section] 233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of conduct described in that section." *Id*.

Under Illinois law, an individual's conduct falls within the scope of his employment if: "(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master." *Toboas v. Mlynczak*, 149 F.3d 576, 582-83 (7th Cir. 1998) (quotations omitted).  Even if the individual's action is partially motivated by self-interest, malice, or bad faith, it still falls within the scope of his employment where it is also motivated by a purpose to serve the employer. *Id*.

Dr. Harvey maintains that he was acting in the scope of his employment as the Regional Medical Director when he denied the request for hand surgery in March 2019.  (Doc. 79, p. 4). Hammack's claim against Dr. Harvey arises exclusively from this decision.  (Doc. 70, ¶¶ 12, 16, and 59).  At the time he made this decision, Dr. Harvey was a commissioned PHS officer, according to the Declaration of Captain Brian LaPlant who is the Commissioned Corps Liaison in the Recruitment and Staffing Section of the United States Public Health Service.  (*See* 79-1, Ex. A, ¶ 3).  According to the Supreme Court, a declaration confirming employment as a PHS officer or employee during the relevant time period is generally enough to establish that the individual

was acting in the scope of his or her employment.  *Hui*, 559 U.S. at 801-02.  Dr. Harvey provided this affidavit in support of his motion.  Hammack concedes that Dr. Harvey is entitled to summary judgment, and the Court agrees that Dr. Harvey is absolutely immune from suit pursuant to 42 U.S.C. § 233.  Accordingly, Defendant Dr. Harvey's Motion for Summary Judgment Based on the Threshold Defense of Public Health Service Immunity (Doc. 79) shall be **GRANTED**.  Having reached this conclusion, the Court need not consider the alternative grounds offered for summary judgment.

## Disposition

**IT IS HEREBY ORDERED** that Defendant Dr. Harvey's Motion for Summary Judgment on the Threshold Defense of Public Health Service Immunity (Doc. 79) is **GRANTED**.  Defendant Dr. Harvey is **DISMISSED with prejudice** from this action, with judgment to enter at the close of this case.  **The Clerk of Court is DIRECTED to TERMINATE Dr. Harvey as a party in CM/ECF.**

**IT IS SO ORDERED.**

**DATED: 1/3/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
