**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RANDALL A. HAMMACK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 19-cv-00230-JPG** |
| | ) |
| **KIMBERLY M. SCHNEIDER** | ) |
| **and FAISAL AHMED,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on Defendants' Motion for Judgment on the Pleadings Based on the Supreme Court's Decision in *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022) (Doc. 84). Defendants ask the Court to dismiss the only remaining claim against them, *i.e.*, an Eighth Amendment medical deliberate indifference claim, because the implied damages remedy recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and extended to a medical deliberate indifference claim in *Carlson v. Green*, 446 U.S. 14 (1980), is not subject to further expansion in the wake of *Egbert*. (*Id.*). This case does not present a new *Bivens* context, and the motion shall be **DENIED**.

## Background

On February 21, 2019, Plaintiff Randall Hammack brought suit against two medical providers at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville), *i.e.*, Clinical Director Ahmed (Dr. Ahmed) and Physician's Assistant Schneider (P.A. Schneider), for inadequate treatment of his Dupuytren's Contracture, a condition that afflicted the tendon controlling his left forearm, palm, and hand. Over time, the tendon contracted and caused several

1

fingers to curl inward.  Instead of approving a recommendation for surgery made by a hand specialist, the two defendants continued an ineffective course of treatment that resulted in the loss of use of his left hand.  Following screening of the original and amended complaints under 28 U.S.C. § 1915A, Hammack was allowed to proceed with an Eighth Amendment medical deliberate indifference claim against both individuals under *Bivens*.[1]  (Docs. 1, 14, and 47).

### Defendants' Rule 12(c) Motion

Dr. Ahmed and P.A. Schneider filed for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, soon after the Supreme Court issued its decision in *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022), discussed in more detail below.  (Doc. 84).  According to the defendants, *Egbert* clarified that the *Bivens* remedy does not extend beyond the specific circumstances recognized by the Supreme Court in *Bivens* and its progeny.  (*Id*. at 2).  Despite the Supreme Court's recognition of this remedy for a similar deliberate indifference claim in *Carlson*, the defendants assert that it does not apply to the claim of medical deliberate indifference against them because this claim presents a new context and special factors counsel hesitation in expanding the remedy into this context.  They seek dismissal of the Eighth Amendment claim as foreclosed by *Egbert*.  (*Id*.).

### Plaintiff's Response

Hammack points out that this Court already considered the scope of the *Bivens* remedy when screening the claim against both defendants and allowed the claim to proceed.  (Doc. 88).  In doing so, the Court recognized that this case presents virtually the same context as *Carlson*.  (*Id*.).  Both cases involve an Eighth Amendment medical deliberate indifference claim against

---

[1] Hammack was later allowed to amend the complaint to add a claim against a third defendant, Regional Medical Director Paul Harvey (Dr. Harvey).  However, this defendant was dismissed on summary judgment.  (*See* Doc. 93).

prison officials who failed to follow the recommendation of an outside provider for treatment of a serious medical condition and continued an ineffective course of treatment that caused further injury or death.  (*Id*. at 7).  *Egbert* does not foreclose such claims.  Because this case presents the very context recognized by the Supreme Court in *Carlson*, Hammack asks this Court to deny the pending motion and allow the claim against both defendants to proceed.  (*Id*.).

### Applicable Legal Standards

According to Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough to avoid delays to trial.  *See* FED. R. CIV. P. 12(c); *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022).  A defendant may use Rule 12(c) at this stage to raise Rule 12(b) defenses based on procedural defects.  *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).  When presented in this context, the Court applies the same analytical framework used for Rule 12(b)(6) motions.  *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).  The district court may grant the motion if "it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." *Alexander*, 994 F.2d at 335 (quoting *United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991) (citations omitted)).  When making this determination, the district court must look no farther than the pleadings, accept all uncontested allegations as true, and view all facts in the light most favorable to the non-moving party.  *Id*. (citing *Wood*, 925 F.2d at 1581).

Rule 12(c) also provides authority for dismissal of a plaintiff's claim on the merits much like a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedures.  *Alexander*, 994 F.2d at 336.  When presented in this context, a court "take[s] all well-pleaded allegations in the . . . pleadings to be true, and . . . view[s] the facts and inferences to be drawn from those allegations in the light most favorable to the plaintiff[]." *Id*.  If there is no

genuine issue of material fact that precludes summary judgment in favor of the defendant, the motion will be granted. *Id.* (citing *Karagonis*, 811 F.2d at 358). When making this decision, the court considers only the contents of the pleadings. *Id.*

Defendants seek dismissal of Plaintiff's claims "on the merits" based on application of the standard applicable to Rule 12(b)(6) motions. In doing so, they conflate the two standards applicable to Rule 12(c) motions. The Court notes the distinction between these standards, but also notes that it makes no difference to the outcome of the pending motion. Defendants' motion is subject to denial under both standards.

## Discussion

Section 1983 allows an individual to bring suit for money damages against a state actor for violations of the individual's constitutional rights. *See* 42 U.S.C. § 1983. However, there is no corresponding statute that authorizes claims against individual federal agents for constitutional deprivations. *Ziglar v. Abbasi*, -- U.S. --, 137 S. Ct. 1843, 1854 (7th Cir. 2017). When Congress enacted Section 1983, it created no analogous statute authorizing a suit for money damages against individual federal agents and hasn't done so since.

The United States Supreme Court decided *Bivens* against this backdrop. The Court held that it would enforce a damages remedy against six federal officers who violated the Fourth Amendment prohibition against unreasonable searches and seizures by arresting a man in his home and conducting a search without a warrant or probable cause. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392 (1971). Recognizing that the Fourth Amendment does not explicitly provide for a damages remedy, the Court noted that Congress also took no action to foreclose a damages remedy in "explicit terms" and no "special factors" suggested that the judiciary should "'hesitat[e]' in the face of congressional silence." *Id.* at 396-97; *Ziglar*, 137 S. Ct. at 1854.

Since this decision, however, the Supreme Court has recognized the implied damages remedy against federal officers in only two other contexts: (1) a Fifth Amendment due process claim involving gender discrimination against a woman in *Davis v. Passman*, 442 U.S. 228 (1979); and (2) an Eighth Amendment deliberate indifference claim brought by a federal inmate's estate for inadequate medical treatment of the inmate's asthma in *Carlson v. Green*, 446 U.S. 14 (1980). The Court has declined to extend the remedy into any additional context or new category of defendants for at least three decades and has more recently expressed even greater caution in recognizing implied causes of action in the *Bivens* context, taking the position that further expansion of this remedy is a strongly disfavored judicial activity. *See Ziglar*, 137 U.S. at 1856.

When presented with a *Bivens* case post-*Abbasi*, a court should first determine whether the case differs in a meaningful way from *Bivens* claims previously authorized by the Supreme Court. *Id*. at 1859-60. If so, the court must consider whether "special factors" counsel hesitation in expansion of this remedy into the new context in the absence of congressional action. *Id*. The Supreme Court identified the following meaningful differences that might signal a new context: the constitutional right at issue, rank of the officers involved, the generality or specificity of the official action, extent of judicial guidance about how an officer should respond to a given problem or emergency, the statutory or other legal mandate under which the officer was operating, risk of disruptive intrusion by the Judiciary into the functioning of other branches, or presence of potential special factors not contemplated in prior *Bivens* cases. *Id*.

If presented with a new context, the Court must next consider whether special factors counsel hesitation in expansion of the *Bivens* remedy. *Id*. This analysis is, in turn, driven by separation-of-powers principles. *Id*. (citing *Bush v. Lucas*, 462 U.S. 367, 380 (1983)). The key

question is whether Congress or the courts should decide to provide for a damages remedy. *Id*. According to the Supreme Court, "[t]he answer will most often be Congress." *Id*.

This analytical framework used in *Abbasi* remained unchanged by *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022). *Egbert* involved an owner (Boule) of a bed-and-breakfast known as Smuggler's Inn that was located near the international border between the United States and Canada. At times, Boule provided transportation and lodging to individuals engaged in illegal border crossing. At other times, he helped border patrol agents apprehend individuals who were engaged in unlawful cross-border activity on or near his property. Boule brought suit for money damages against an agent employed by the United States Border Patrol, and others, for using excessive force against him, in violation of the Fourth Amendment, and for retaliating against him for filing a formal grievance against the agent, in violation of the First Amendment.[2] Invoking *Bivens*, Boule asked the district court to recognize a damages action for each of these constitutional violations. The District Court declined to extend *Bivens* into either context, and the Ninth Circuit Court of Appeals reversed. On review, the Supreme Court held that *Bivens* does not extend into the First Amendment retaliation or Fourth Amendment excessive force contexts presented by Boule, and no other reasons warrant expansion of this judicially crafted remedy into either realm because Congress is better-suited than the courts to authorize a damages remedy. *Id*. at 1807. The Supreme Court retained the same two-step analysis used in *Abbasi*, adding that the inquiry "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id*. at 1798.

---

[2] Boule claimed that the agent retaliated against him by reporting his license plate to the Washington Department of Licensing and by reporting him to the internal revenue service.

6

The instant case presents virtually the same context as *Carlson*.  Both cases involve an Eighth Amendment claim arising from the denial of medical care in a prison setting.  In *Carlson*, the alleged denial of medical care culminated in a federal inmate's death from an asthma attack. In this case, the alleged denial of medical care for Dupuytren's Contracture resulted in a federal inmate's loss of use of his left hand.  In both cases, the same constitutional right is at issue, i.e., the Eighth Amendment right to be free from cruel and unusual punishment in the form of inadequate medical care.  The judicial guidance with respect to such claims is well-entrenched, as the Supreme Court noted in *Abbasi*: "The Court has long made clear the standard for claims alleging failure to provide medical treatment to a prisoner—"deliberate indifference to serious medical needs."  *Ziglar*, 137 S. Ct. at 1865 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This case is nearly indistinguishable from *Carlson*, and the Court now finds that the claim of medical deliberate indifference at issue represents no expansion of *Bivens*.  Having reached this conclusion, the motion shall be denied, and this case shall proceed to trial.

## Disposition

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings Based on the Supreme Court's Recent Decision in *Egbert v. Boule* (Doc. 84) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: 1/10/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**